**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**Zachary Newman and Michael Enclard on Behalf of Themselves on Behalf of All Others Similarly Situated,**

**Plaintiffs,**

**V.**

**AMBRIT, LLC D/B/A GASKET GUY OF LOUISIANA**

**Defendant**

**CIVIL ACTION NO.**

**JURY TRIAL DEMANDED**

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiffs, Zachary Newman and Michael Enclard, by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, brings this Collective Action Complaint against Defendant, Ambrit, LLC D/B/A Gasket Guy of Louisiana (hereinafter "Gasket Guy"), and in support of their claim, state as follows:

### PRELIMINARY STATEMENT

1. This Complaint is filed as a collective action under 29 U.S.C. § 216(b) and is brought by and on behalf of persons who are or have been at some time employed during the applicable limitations period as a manufacturing, installation, and/or maintenance technician for Gasket Guy, which is in the business of providing gasket manufacturing, installation, and maintenance services for refrigeration gaskets in gas stations and other retail establishments across the Southeastern United States.

2. Gasket Guy employs manufacturing, installation, and/or maintenance technicians, paying them on an hourly basis for a maximum of 40 hours per pay period regardless of how many

hours them work. Gasket Guy fails to pay the regular rate of pay and overtime wages of one and one-half (1.5) times the regular rate for hours worked in excess of forty (40) in any given work week.

3. Defendant, Ambrit, LLC D/B/A Gasket Guy of Louisiana ("Gasket Guy"), failed to pay Plaintiffs, Zachary Newman and Michael Enclard, and its other W2 employees and misclassified 1099 contractors, appropriate straight time and overtime wages when they work more than forty (40) hours in a work week as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.
4. Plaintiffs and the similarly situated employees they seek to represent, are current and former employees of Gasket Guy, who worked as general laborers within the last three years (hereinafter referred to as the "Class Members").
5. Gasket Guy's pay practices and policies applied not only to Plaintiffs, but also to all potential class members. Therefore, Plaintiffs bring this suit on behalf of himself and all other similarly situated W2 employees and misclassified 1099 contractors employed by Gasket Guy during the relevant time period.

**JURISDICTION AND VENUE**

6. This Court has federal question jurisdiction of this action under 28 U.S.C. § 1331 as this case is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).
7. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts and conduct charged herein occurred in this District.

**THE PARTIES**

8. Plaintiffs, Zachary Newman and Michael Enclard, live in the Eastern District of Louisiana. Plaintiff, Zachary Newman was employed by Gasket Guy as a manufacturing, installation,

and/or maintenance technician for approximately six years prior to being terminated December of 2025. Plaintiff, Michael Enclard was employed by Gasket Guy as a manufacturing, installation, and/or maintenance technician from July of 2023 to December of 2025. Their written consent is attached hereto as Exhibit 1.

9. The class of similarly situated employees consists of W2 employees and misclassified 1099 contractors employed by Gasket Guy during the last three years (hereinafter referred to as "class members").

10. Gasket Guy is a Louisiana limited liability company that may be served through its registered agent, Darren Bayley, 2076 3rd Street, Mandeville, Louisiana 70471.

**FLSA COVERAGE**

11. At all times relevant to this dispute, Gasket Guy has been an enterprise within the meaning of the FLSA. 29 U.S.C. § 203(r).

12. At all times relevant to this dispute, Gasket Guy has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

13. At all times relevant to this dispute, Gasket Guy has had annual gross sales in excess of $500,000. 29 U.S.C. § 203(s)(1)(A)(ii)

14. At all times relevant to this dispute, Plaintiffs and the class members were employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

15. Through its W2 employees and misclassified 1099 contractors, Gasket Guy manufactures, installs, and maintained refrigeration gaskets in gas stations and other retail establishments across the Southeastern United States.

16. Plaintiffs were hired to work as a manufacturing, installation, and/or maintenance technicians for Gasket Guy. Gasket Guy designated Plaintiffs as W2 employees and exercises control over Plaintiffs' conditions of employment. For instance, Gasket Guy determines their pay rate and sets policies and procedures that Plaintiffs and other class members are required to follow, including when to work and what work will be done at a particular day and/or job site, and provided tools and materials to Plaintiffs.

17. While working, Plaintiffs and the class members regularly worked over forty (40) hours in a work week in order to complete all of their job assignments. Gasket Guy, however, did not pay Plaintiffs and the class members for any straight time or overtime for hours worked over forty (40) in a work week. Gasket Guy denied the rights of Plaintiffs and the class members guaranteed to them under the FLSA.

18. Plaintiffs' primary duties as manufacturing, installation, and/or maintenance technicians consists of manufacturing, installing and maintaining refrigeration gaskets for gas stations, convenience stores and other retail stores throughout the Southeastern United States.

19. As manufacturing, installation, and/or maintenance technicians, Plaintiffs regularly worked more than forty (40) hours per workweek. In fact, Gasket Guy does not keep any time records for the manufacturing, installation, and/or maintenance technicians and instead pays them for 40 hours every week. However, a typical work schedule requires Plaintiffs to work more than 55 hours per week, with many weeks requiring them to work even more. Specifically, and by way of example, Plaintiffs tracked their time for the period during the several weeks prior to leaving Gasket Guy and recorded that they worked in excess of 55 hours. The checks issued them by Gasket Guy, however, only compensated them for 40 hours for each week. Plaintiffs were therefore not compensated for any straight

time or overtime that they were entitled to for the 15 hours of overtime they worked each of those weeks. Plaintiffs were not a member of management. Neither they nor any other class member had authority to: manage an enterprise, hire or fire other employees, set the pay rates of other employees, create policies or procedures to govern Gasket Guy's employees, handle employee grievances, determine the type of equipment or materials that Gasket Guy could use in their operations, plan and/or set Gasket Guy's budget, enter into contracts on behalf of Gasket Guy, or otherwise have operational control over Gasket Guy's business operations and practices. Moreover, Plaintiffs and the class members did not perform office or non-manual work directly related to the management or general business operations of Gasket Guy or their customers, nor did they exercise discretion and independent judgment with respect to matters of significance in the conduct of Gasket Guy's business

20. Plaintiffs and class members were at all times "non-exempt" employees and eligible to receive overtime pay pursuant to Section 207 of the FLSA.

21. Gasket Guy had the power to discipline and/or terminate Plaintiffs and the class members, regularly supervised and controlled work schedules and conditions of employment for Plaintiffs and class members, determined the rate and method of payment of wages and commissions, paid Plaintiffs and class member wages, and maintained employment records of Plaintiffs and class members.

22. When Plaintiff Zachary Newman inquired as to why Gasket Guy has not paid its employees overtime, he was simply told by the management of Gasket Guy that the company does not pay straight time or overtime wages for hours worked in excess of 40.

23. In addition, Gasket Guy issued Plaintiffs a W2 wage check every two weeks with federal and state income taxes withheld.

24. Shortly after inquiring about Gasket Guy's practice of not paying its W2 employees for straight time and overtime worked in excess of forty (40) hours, Gasket Guy fired Plaintiff Zachary Newman. This firing was in retaliation and in violation of 29 U.S.C. § 215(a)(3).

**FLSA COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiffs bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other persons employed by Gasket Guy as a general laborer within three (3) years from the filing of this suit who, like Plaintiffs, have not been compensated the correct overtime rate of pay, and/or have not been compensated at one and a half their regular rate of pay for all hours worked in excess of forty (40) hours in a single week.

26. Gasket Guy classified and paid all of its W2 and misclassified 1099 contractors in the manner described above. In this regard, Gasket Guy maintained a common pay practice or policy and the class members are similarly situated to Plaintiffs.

27. Gasket Guy's W2 and misclassified 1099 contractors all perform the same essential job functions and duties notwithstanding the fact that one employee might have more tenure, experience, or require less supervision than another employee in the same or similar position. In this regard, the class members are similar to Plaintiffs.

28. Although the exact amount of damages may vary among individual class members, the damages for each individual can easily be calculated using the same methodology and formula.

29. Gasket Guy possess the names and addresses of all class members in their records. The class members should be allowed to receive notice about this lawsuit and be given an opportunity to join. Like Plaintiffs, these similarly situated workers are entitled to recover

their unpaid overtime wages, liquidated damages, attorneys' fees, and other damages. Therefore, notice is appropriately sent to the following class:

*"All of Ambrit, LLC D/B/A Gasket Guy of Louisiana's current and former* manufacturing, installation, and/or maintenance technicians *who worked for Gasket Guy for the past three years and were not paid overtime."*

**CAUSES OF ACTION**

30. Plaintiffs incorporate the allegations in the preceding paragraphs.

31. Plaintiffs and the class members were not paid straight time or overtime wages as required by the FLSA when they worked more than forty (40) hours in a work week. Instead, Gasket Guy paid Plaintiffs and the class members only straight time at an hourly rate determined by Gasket Guy up-to forty (40) hours. Gasket Guy's failure to pay Plaintiffs and the class members appropriate straight time and overtime wages hour any hours worked in excess of forty (40) hours violated the FLSA.

32. Gasket Guy's failure to pay straight time and overtime wages to Plaintiffs and the class members in accordance with the FLSA was willful as that term is defined by Section 255(a) and was not based on a good faith belief that its conduct complied with the FLSA. Therefore, the three (3) years statute of limitations period applies to Plaintiffs' and the class members' claims made in this case.

33. Plaintiffs and the class members are entitled to straight time and overtime wages for all hours worked in excess of forty (40) in a work week, an amount equal to all of their unpaid wages as liquidated damages, as well as their reasonable and necessary attorneys' fees and costs of this action 29 U.S.C. § 216(b).

**JURY DEMAND**

34. Plaintiffs hereby demand a trial by jury.

## PRAYER

Plaintiffs respectfully request that judgment be entered against Ambrit, LLC D/B/A Gasket Guy of Louisiana, awarding them and all similarly situated employees:

a. Straight-time for all hours worked in excess of forty (40) per week;

b. Overtime compensation for all hours worked in excess of forty (40) per week at the rate of one and half times their regular rate of pay;

c. An equal amount as liquidated damages;

d. Damages as appropriate for the retaliatory firing of Plaintiff Zachary Newman;

e. Reasonable and necessary attorneys' fees, costs, and expenses of this action; and

f. Such other and further relief as may be required by law.

Respectfully Submitted:

***/s/Zachary R. Smith***

Zachary R. Smith (La. Bar Roll No. 37316)
ZRS LAW
204 West 21st Avenue, STE A
Covington, Louisiana 70433
Telephone: (985) 705-1143
Zach@zrsmithlaw.com
*Counsel for Plaintiff*

***/s/John S. Alford***

John S. Alford(LA Bar Roll No. 31549)
**Broussard, David & Moroux**
557 Jefferson Street
Post Office Box 3524
Lafayette, Louisiana 70502-3524
(337) 233-2323 Phone
(337) 233-2353 Fax
John@bdm.law
*Counsel for Plaintiff*